# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| JAMES MICHAEL SMITH, )<br>　　　　Plaintiff, )<br>　　　　　　　　　　　　　　 )<br>　v. 　　　　　　　　　　　 )<br>　　　　　　　　　　　　　　 )<br>CAROLYN W. COLVIN, 　　　)<br>Acting Commissioner of 　　 )<br>the Social Security Administration, )<br>　　　　Defendant. 　　　　 ) | CAUSE NO.:3:14-CV-1542-JEM |

## OPINION AND ORDER

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff on May 14, 2014, and Plaintiff's Social Security Brief [DE 17], filed by Plaintiff on October 23, 2014. Plaintiff requests that the decision of the Administrative Law Judge be reversed and remanded for further proceedings. On January 30, 2015, the Commissioner filed a response. For the following reasons, the Court grants Plaintiff's request for remand.

## PROCEDURAL BACKGROUND

Plaintiff filed an application for Supplemental Security Income and Disability Insurance Benefits alleging disability as of July 24, 2011, due to symptoms associated with a learning disorder, a nervous condition, depression, and diabetes. Plaintiff's application was denied initially and upon reconsideration. On January 30, 2013, Administrative Law Judge ("ALJ") Romona Scales held a hearing at which Plaintiff, with an attorney, and a vocational expert ("VE") testified. On March 28, 2013, the ALJ issued a decision finding that Plaintiff was not disabled.

The ALJ made the following findings under the required five-step analysis:

1. The claimant met the insured status requirements of the Social Security Act through December 31, 2013.

2. The claimant has not engaged in substantial gainful activity since July 24,

2011, the alleged onset date.

3. The claimant has the following severe impairments: status-post T10-L4 fusion and borderline intellectual functioning (BIF).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals any of the listed impairments in 20 CFR 404, Subpart P, Appendix 1.

5. The claimant has the residual functional capacity to perform sedentary work, as the claimant can frequently lift and carry 10 pounds occasionally and less than 10 pounds frequently, stand and/or walk for at least 2 hours of an 8 hour workday, and sit for about 6 hours of an 8 hour workday, with the ability to alternate between sitting and standing every 30 minutes for 5 minutes at a time. He can never climb ladders, ropes or scaffolds but can occasionally climb ramps and stairs, and can occasionally kneel, crawl, balance, stoop, and crouch. He can occasionally reach overhead bilaterally. He must avoid concentrated exposure to wetness and slippery, uneven surfaces. The claimant is able to understand, remember, and carry out simple, routine tasks; maintain adequate attention and concentration for such tasks; interact appropriately but briefly with coworkers, supervisors, and the public; and handle the changes in a routine work setting. The claimant requires work free of fast-paced production quotas.

6. The claimant is unable to perform any past relevant work.

7. The claimant was 38 years old, defined as a younger individual age 18-44 on the alleged disability onset date.

8. The claimant has limited education and is able to communicate in English.

9. Transferability of job skills is not material to the determination of disability because the claimant's past relevant work is unskilled.

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant could perform.

11. The claimant has not been under a disability, as defined in the Social Security Act, from July 24, 2011, through the date of the ALJ's decision.

On March 14, 2014, the Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g)

**FACTS**

Plaintiff fell from a ladder and suffered an L1 burst fracture in his spine in July, 2011, and had spinal fusion surgery. He suffers from back pain and limited range of motion. Plaintiff received a full scale IQ score of 70 and has been diagnosed with borderline intellectual functioning. He attended special education classes and dropped out of school after eighth grade. Plaintiff lives with his mother, who helps him with many activities of daily living, and with his two pre-teen children.

**STANDARD OF REVIEW**

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227

F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue,* 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "A reversal and remand may be required, however, if the ALJ committed an error of law or if the ALJ based the decision on serious factual mistakes or omissions." *Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014) (citations omitted).

At a minimum, an ALJ must articulate her analysis of the evidence in order to allow the reviewing court to trace the path of her reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995); *Green v. Shalala*, 51 F.3d 96, 101 (7th Cir. 1995). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that, as a reviewing court, we may assess the validity of the agency's final decision and afford [a claimant] meaningful review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595)); *see also O'Connor-Spinner*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

**DISABILITY STANDARD**

To be eligible for disability benefits, a claimant must establish that he suffers from a

"disability" as defined by the Social Security Act and regulations. The Act defines "disability" as an inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). To be found disabled, the claimant's impairment must not only prevent him from doing his previous work, but considering his age, education, and work experience, it must also prevent him from engaging in any other type of substantial gainful activity that exists in significant numbers in the economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); 20 C.F.R. §§ 404.1520(e)-(f), 416.920(e)-(f).

When a claimant alleges a disability, Social Security regulations provide a five-step inquiry to evaluate whether the claimant is entitled to benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The steps are: (1) Is the claimant engaged in substantial gainful activity? If yes, the claimant is not disabled, and the claim is denied; if no, the inquiry proceeds to step two; (2) Does the claimant have an impairment or combination of impairments that are severe? If not, the claimant is not disabled, and the claim is denied; if yes, the inquiry proceeds to step three; (3) Do(es) the impairment(s) meet or equal a listed impairment in the appendix to the regulations? If yes, the claimant is automatically considered disabled; if not, then the inquiry proceeds to step four; (4) Can the claimant do the claimant's past relevant work? If yes, the claimant is not disabled, and the claim is denied; if no, then the inquiry proceeds to step five; (5) Can the claimant perform other work given the claimant's Residual Functional Capacity ("RFC"), age, education, and experience? If yes, then the claimant is not disabled, and the claim is denied; if no, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *see also Scheck v. Barnhart*, 357 F.3d 697, 699-700 (7th

Cir. 2004).

**ANALYSIS**

Plaintiff argues that the ALJ erred in failing to find that Plaintiff met Listing 12.05(C) for intellectual disability.

The determination of whether a claimant suffers from a listed impairment comes at steps two and three of the ALJ's analysis. Step two of the ALJ's analysis requires an examination of whether the claimant has an impairment or combination of impairments that are severe. *See* 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). A medically determinable impairment or combination of impairments is severe if it significantly limits an individual's physical or mental ability to do basic work activities. *See* 20 C.F.R. §§ 404.1520(c); 416.920(c). The determination of whether a claimant suffers from a severe condition that meets a listed impairment comes at step three of the sequential analysis. At step three, the ALJ must determine whether the claimant's impairments meet an impairment listed in the appendix to the social security regulations. *See* 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). An individual suffering from an impairment that meets the description of a listing or its equivalent is conclusively presumed to be disabled. *See Bowen v. Yuckert*, 482 U.S. 137, 141 (1987). In order "[f]or a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990). An impairment that manifests only some of the criteria will not qualify, no matter its severity. *Id*.

Listing 12.05 describes intellectual disability and provides, in relevant part:

> Intellectual disability refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.

> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied. . . .
>
> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function.

20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.05. The ALJ concluded that the severity of Plaintiff's mental impairment does not meet or medically equal the criteria of Listing 12.05.

The Commissioner argues that the ALJ appropriately found that Plaintiff does not have deficits in adaptive functioning since he could cope with the challenges of everyday life, and to the extent that he could not, it was due to his physical limitations. Plaintiff argues that he has sufficiently demonstrated at least some deficits in adaptive functioning. He also argues that the ALJ did not provide any explanation of what standard she used to define deficits in adaptive functioning so there is not enough information for the Court to review her findings.

The term "deficits in adaptive functioning" in the introductory paragraph of section 12.05 "denotes inability to cope with the challenges of ordinary everyday life." *Novy v. Astrue,* 497 F.3d 708, 710 (7th Cir. 2007) (citing American Psychiatric Association, *Diagnostic & Statistical Manual of Mental Disorders,* 42 (4th ed. 2000)). No specific measurement method is required, nor has any circuit adopted a specific measurement standard. *See Charette v. Astrue*, 508 F. App'x 551, 553 (7th Cir. 2013) ("[W]hen we earlier defined deficits in adaptive functioning [in *Novy*] as the 'inability to cope with the challenges of ordinary everyday life' we did not also require an ALJ to use a specific measurement method. . . [and] neither this circuit nor any other circuit court has recognized or established such a requirement.").

In this case, the ALJ laid out the evidence she used to conclude that Plaintiff that cope with the activities of ordinary life. The ALJ concluded that Plaintiff was able to get along socially with

others, that he drives at least short distances, cooks simple meals and takes out light trash, and also emphasized that much of the assistance Plaintiff requires is because of his physical limitations rather than his mental difficulties. However, as Plaintiff argues, not all of this evidence is an accurate reflection of the record. The ALJ found that Plaintiff only has mild restrictions in daily living despite his inability to do most of the things on the ALJ's list of basic skills: Plaintiff cannot clean, is limited in his ability to shop and cook, and cannot pay bills or live alone. Although the ALJ mentioned Plaintiff's own testimony that he could count change, she failed to mention either Plaintiff's testimony that he has difficulty with math or the examining psychologist's conclusion that Plaintiff needs assistance managing funds. The other evidence relied on by the ALJ to indicate Plaintiff's adaptive functioning is likewise problematic. She emphasized that Plaintiff received a few As and Bs in school, but neglects to mention that Plaintiff was in special education classes, most of his grades were significantly lower, and he only completed the eighth grade. Plaintiff is unable to live alone and testified that his mother takes care of most things around the house, limitations the ALJ did not mention as part of her analysis at steps two and three. Although the ALJ stated that Plaintiff cares for his children, the hearing testimony indicates only very simple responsibilities, and that his mother, with whom they live, tends to most of their other needs. When the children were younger, they were in foster care and Plaintiff only saw them for supervised visitation.

The Court is also troubled by the ALJ's analysis of the other Listing criteria. She appears to have questioned or discounted the validity of the Plaintiff's IQ score of 70 and also noted that there is no IQ score prior to age 22. However, the regulations do not require particular test scores or diagnoses prior to age 22, and the ALJ disregarded the evidence in the record that Plaintiff had severe mental difficulties as a school child. *See* Fed. Reg. 50746–01, at *50753 (2000) ("The final

rules clarify that we do no necessarily require evidence from the developmental period to establish that the impairment began before the end of the developmental period. The final rules permit us to use judgment, based on current evidence, to infer when the impairment began.").

Although the Commissioner may be correct that the same conclusions may be reached on remand, the Court cannot conclude that the ALJ's analysis of the Listing was adequate. The ALJ failed to articulate her analysis to assure the Court that she properly considered the important evidence without making errors of law or basing her decisions on serious omissions. *See Beardsley*, 758 F.3d at 837. On remand, the ALJ is directed to fully and accurately address the substantial evidence in the record to determine whether Plaintiff has demonstrated deficits in adaptive functioning to meet Listing 12.05.

## CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** the relief requested Plaintiff's Social Security Brief [DE 17] and **REMANDS** this matter for further proceedings consistent with this opinion.

SO ORDERED this 15th day of September, 2015.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc:    All counsel of record